

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable M. O. Flowers
Secretary of State
Austin, Texas

Dear Sir:

Attention: C. P. Sanders

Opinion No. O-2903
Re: Is Southwestern Investment Company
required to comply with the provisions
of the Texas Securities Act relating to
the registration of dealers as well as
the qualification of the stock under the
issuers' provisions of the Act?

Your recent request for an opinion of this department on
the above stated question has been received.

We quote from your letter as follows:

"We would appreciate very much the benefit of your
opinion with respect to whether the SOUTHWESTERN IN-
VESTMENT COMPANY of Amarillo, Texas, a corporation
organized under Senate Bill No. 165, Forty-Second Legisla-
ture, is required to comply with the provisions of the Texas
Securities Act relating to the registration of dealers as well
as the qualification of the stock under the issuers' provisions
of the Act.

"This corporation is offering its stock to the public,
but is regulated by the Banking Department to the extent only
of filing its financial statements in order that the Banking De-
partment may determine whether it is offering bonds. If such
corporation is offering bonds, it would of course come under
the regulations of the Banking Department and be subject to
examination by the Banking Department.

"The corporation claims exemption from both the
dealers' provisions and the registration provisions of the
Securities Act by virtue of the exemption contained in Sec-
tion 3-0 of the Texas Securities Act which reads in part as
follows:

"'The sale by the issuer itself of any securities that are issued . . . . by a company organized and operating under the laws of the State of Texas and subject to the supervision of the Commissioner of Banking of the State of Texas, or a company subject to the supervision of the Banking Commissioner under Senate Bill No. 165, Forty-Second Legislature.'

"We are in doubt as to whether merely the filing of financial statements with the Banking Department in order that the Banking Department may determine whether this corporation is selling bonds would bring this company under the supervision of the Banking Commissioner and thereby exempt this corporation from the provisions of the Texas Securities Act. There is no doubt in our minds that this company would be exempt if it was issuing bonds and thereby subject to supervision and examination by the Banking Department, but under the existing situation the Banking Department has absolutely no control over this corporation as long as it does not sell bonds but sells stock exclusively.

"Your advice on this matter will be greatly appreciated by this Department in order that we may determine whether any action can be taken by the Securities Division in requiring the Southwestern Investment Company to register its stock for sale in Texas."

The Southwestern Investment Company of Amarillo, Texas, is a corporation organized under Senate Bill No. 165, Forty-Second Legislature, 1931, and Section 1 of Senate Bill No. 165, supra, provides in part that:

"This Act shall embrace corporations heretofore created and hereafter created having for their purpose or purposes any or all of the powers now authorized in subdivisions 48, 49, or 50 of Article 1302, Revised Civil Statutes, 1925, and heretofore or hereafter having in whole or in part any purpose or purposes now authorized in Chapter 275, Senate Bill No. 232 of the General and Special Laws of the Regular Session of the 40th Legislature. . . . "

Subdivisions 48, 49, and 50 of Article 1302 of Vernon's Annotated Civil Statutes, read as follows:

"48. To accumulate and lend money without banking privileges.

"49. For any one or more of the following pur-
poses: To accumulate and lend money, purchase, sell
and deal in notes, bonds and securities, but without bank-
ing and discounting privileges; to act as trustee under
any lawful express trust committed to them by contract
and as agent for the performance of any lawful act.

"50. To subscribe for, purchase, invest in, hold,
own, assign, pledge and otherwise deal in and dispose of
shares of capital stock, bonds, mortgages, debentures,
notes other securities, obligations, contracts and evidences
of indebtedness of foreign or domesticcorporations not com-
peting with each other in the same line of business; provid-
ed the powers and authority herein conferred shall in no
way affect any provision of the anti-trust laws of this State."

Senate Bill No. 232, Ch. 275, Acts of the 40th Legislature,
provides:

"1. A private corporation may be formed for any-
one or more of the following purposes, without banking or
insurance privileges: to accumulate and loan money, to
sell and deal in notes, bonds and securities; to act as trustee
under any lawful express trust committed to it by contract,
and as agent for the performance of any lawful act; to sub-
scribe for, purchase, invest in, hold, own, assign, pledge
and otherwise deal in and dispose of shares of capital stock,
bonds, mortgages, debentures, notes and other securities or
obligations, contracts and evidences of indebtedness of for-
eign or domestic corporations not competing with each other
in the same line of business, to borrow money or issue de-
bentures for carrying out any or all purposes above enumer-
ated. Provided that the powers and authority herein conferred
shall in no way affect any of the provisions of the anti-trust
laws of this State.

"Sec. 2. Whereas, there are no laws now existing in
Texas, authorizing private corporations to be formed for all
of the purposes hereinbefore stated, and whereas, it would be
for the public good to have such corporations chartered for
such purposes and would stimulate and authorize Texas com-
panies to compete with foreign companies so authorized now
doing business in the State of Texas; therefore, is an emer-
gency and imperative necessity for the immediate passage of
this bill and the constitutional rule requiring bills to be read
on three several days is hereby suspended and this act shall
be in force and effect from and after its passage, and it is so
enacted."

Section 3 of Article 600a, Vernon's Annotated Civil Statutes, provides, in part, that:

"Exempt transactions. Except as hereinafter in this Act specifically provided, the provisions of this Act shall not apply to the sale of any security when made in any of the following transactions and under any of the following conditions, and the company or person engaged therein shall not be deemed a dealer within the meaning of this Act; that is to say, the provisions of this Act shall not apply to any sale, offer for sale, solicitation, subscription, dealing in or delivery of any security under any of the following transactions or conditions:

" . . . .

"(o) The sale by the issuer, itself, of any securities that are issued by a State or National Bank, by a trust company, or building and loan association organized and operating under the laws of the State of Texas and subject to the supervision of the Commissioner of Banking of the State of Texas, or Federal Loan and Savings Association, or a company subject to the supervision of the Banking Commissioner under Senate Bill No. 165, Forty-second Legislature. Provided however, that all salesmen acting for any bank, trust company, or company subject to the supervision of the Banking Commissioner under Senate Bill No. 165, Forty-second Legislature, in the sale of such securities within this State, shall be licensed as provided in this Act."

It will be noted that subdivision (o) of Article 600a, supra, specifically provides that all salesmen acting for any company subject to the supervision of the Banking Commissioner under Senate Bill No. 165, Forty-second Legislature, in the sale of such securities within this State, shall be licensed as provided in this Act.

The above mentioned company merely files financial statements with the Banking Department in order that said Department may determine whether the company is selling bonds. The Banking Department does not have supervision of all companies organized under Chapter 165, supra, and makes no examination of companies that are not under its supervision. Clearly the company named above is not under the supervision of the Banking Department and is not subject to the exemptions set forth in paragraph 0 of Section 3 of Article 600a, supra.

In view of the foregoing statutes, you are respectfully advised that it is the opinion of this Department that the Southwestern

Investment Company is required to comply with the provisions of the Texas Securities Act relating to the registration of dealers and the qualification of the stock under the issuers' provisions of the Act.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS


By /s/ Ardell Williams

Ardell Williams
Assistant

AW:BBB/cm

APPROVED DEC 16, 1940

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
Opinion
Committee

By /s/ BWB
Chairman